(R.D. 11500)

Inter-Maritime Fwdg. Co., Inc. v. United States

Entry No. 774589, etc.

(Decided March 14, 1968)

*Tompkins & Tompkins* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Rao, Chief Judge: The appeals for reappraisement listed on schedule A, attached hereto and made a part of the decision hereof, have been submitted for decision upon the following stipulation:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the automobiles specified on the invoices accompanying the entries covered by the above-named reappraisement appeals, that were appraised at a value of $1240.00 each or $1469.00 each, net, (Canadian dollars), consist of automobiles manufactured in England, and imported into the United States from Canada prior to February 27, 1958.

That there was no "foreign value", or "export value", or "United States value", as defined in Section 402(c), (d), and (e) of the Tariff Act of 1930, as amended, for the automobiles under appeal at the time of exportation thereof.

That in determining the "cost of production" value as defined in Section 402(f) of said Act, the Appraiser included in his above value of $1240 each or $1469.00 each net, a cost representing Canadian excise taxes, as well as a cost representing Canadian sales taxes as specified below. That said Canadian excise taxes and sales taxes were paid to the Canadian government prior to exportation to the United States, but they were refunded after exportation, under the same circumstances and conditions involved in the cases of *John V. Carr & Son, Inc.* v. *United States*, Reap. Dec. 10442, *Frank P. Dow Co.* v. *United States*, Reap. Dec. 10891, and *Inter-Maritime Forwarding Co., Inc.* v. *United States*, Reap. Dec. 10666, and that the records in said *John V. Carr & Son, Inc.* case, in said *Frank P. Dow Co.* case, and in said *Inter-Maritime Forwarding Co., Inc.* case may be incorporated as a part of the record in this case.

Plaintiff limits its appeal to the claim that said excise taxes and said sales taxes should not be included as a part of the cost of production dutiable value.

Upon the agreed facts and the records in the cited cases, which are incorporated herein, I find cost of production, as that value is defined in section 402(f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the automobiles covered by these appeals for reappraisement and appraised at a value of $1,240 each or $1,469 each, net (Canadian dollars), and that such values are the appraised values of $1,240 each or $1,469 each net (Canadian dollars) less a cost representing Canadian excise taxes of $230 or $140.78 (Canadian dollars), respectively, as well as a cost representing Canadian sales taxes of $95 or $93.85 (Canadian dollars), respectively.

Judgment will be entered accordingly.